IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:18-CV-00004-FL

| | |
|---|---|
| SHANMUGARAJ BAKSHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| ABB, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for extension of time to serve defendant. (DE 14). Also pending before the court, but not yet ripe for decision, is defendant's amended motion to dismiss for insufficient process. (DE 16).

Plaintiff filed complaint on January 10, 2018. (DE 1). Service of summons and complaint was due to be made on or before April 10, 2018. See Fed. R. Civ. P. 4(m). Summons were first issued on January 22, 2018, addressed to "ABB, Inc., 12040 Regency Parkway, Ste 200[,] Cary, NC 27518." (DE 7). The summons were returned unexecuted on February 22, 2018, with a note that the address was vacant. On March 15, 2018, plaintiff "deposited [a copy of the summons and complaint] with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2), addressed to the party to be served [at "305 Gregson Drive, Cary, NC 27511]." (DE 8).

Defendant filed motion to dismiss for insufficient process, as amended April 11, 2018. (DE

17).[1] Therein, defendant asserts dismissal of plaintiff's complaint is warranted, where plaintiff failed to "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h).[2] Plaintiff filed response in opposition to defendant's motion on April 23, 2018. (DE 21). In response, plaintiff advances arguments consistent with arguments raised in his motion for extension of time.

For good cause shown, in its discretion, the court GRANTS plaintiff's motion for extension of time to service process. Rule 4 of the Federal Rules of Civil Procedure commands consideration of whether good cause has been shown for failure timely to make service, and where such cause, as here, is found, that "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff's efforts to promote through counsel service inform the court's determination, where service was testified to be accomplished March 15, 2018. (DE 8). Even if that service was invalid, plaintiff's attempt to serve defendant demonstrates reasonable diligence on his part. Defendant also will not be substantially prejudiced by an extension of time, where defendant has knowledge of the instant action.

Although the briefing period for defendant's motion to dismiss has not yet concluded, the court is informed by defendant's motion to dismiss and the arguments made in support of same, of

---

[1] Defendant filed first motion to dismiss on April 5, 2018. Defendant's first motion to dismiss was terminated by the court following receipt of defendant's amended motion on April 11, 2018.

[2] Rule 4(h) also permits service of a corporation in accordance with state law. North Carolina's state law for service of corporation requires plaintiff to deliver a copy of the summons and complaint "to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." N.C. R. Civ. P. 4(j)(6)(a). In North Carolina, service on a corporation may also be effectuated by delivering a copy of the summons and complaint to an agent authorized by appointment or law to be served or to accept service of process or by depositing with a designated delivery service a copy of the summons and complaint, addressed to the officer, director, or agent to be served in N.C. R. Civ. P. 4(j)(6)(a) or (b). Id. at 4(j)(6)(b), (c). Defendant contends that plaintiff's attempted service also fails under state law.

2

defendant's position, where defendant's arguments in opposition necessary adhere also to plaintiff's motion for extension of time to serve process. In light of its decision, having considered the arguments on both sides, the court therefore DENIES defendant's amended motion to dismiss. (DE 16). The court ALLOWS plaintiff an additional 25 days to serve defendant, as requested.

SO ORDERED, this the 26th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge