IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-4-FL

| | | |
|---|---|---|
| SHANMUGARAJ BAKSHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ABB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the motion to dismiss filed by defendant pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 37). The issues raised are ripe for ruling. For the reasons that follow, the court grants in part and denies in part the motion.

**STATEMENT OF THE CASE**

Plaintiff, represented by counsel, initiated this action on January 10, 2018. Plaintiff alleges that defendant unlawfully discriminated by refusing to hire him based on his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.. Plaintiff seeks compensatory damages, punitive damages, reasonable attorney's fees, and costs.

After filing of plaintiff's initial complaint, defendant moved to dismiss the complaint for insufficient process. The court granted plaintiff's motion for extension of time to properly perfect service and denied defendant's motion to dismiss in its order dated April 27, 2018. Defendant again moved to dismiss the initial complaint on May 24, 2018.

On July 23, 2018, plaintiff moved to amend his complaint. Over defendant's opposition, the court allowed plaintiff to amend his complaint by order dated August 22, 2018. Plaintiff timely filed

his amended complaint on August 28, 2018.

Defendant then filed the instant motion to dismiss, wherein it is argued that plaintiff's amended complaint should be dismissed because plaintiff failed to exhaust his administrative remedies, and fails to state a claim upon which relief can be granted. In support of the motion, defendant relies upon plaintiff's EEOC charge of discrimination ("EEOC Charge." (DE 38–1)). In response, plaintiff contends the allegations contained in his complaint are reasonably related to the allegations of discrimination raised to the EEOC. Plaintiff also asserts that his complaint states a claim.

## STATEMENT OF FACTS

The facts alleged in the complaint[1] may be summarized as follows. Plaintiff is a male born in India and of South Asian ethnicity. (Compl. ¶¶ 1, 26). Plaintiff worked for defendant starting on February 14, 2006, during which times he held the following positions: Senior Operational Excellence Consultant, Operations Manager and, most recently, DMMG BU Quality Manager. (Id. ¶¶ 3, 15). Juho Puttonen, Vice-President of Operations, indicated to plaintiff that his position as DMMG BU Quality Manager was being eliminated by defendant, and he was offered a severance agreement ("Severance Agreement"). Id. ¶ 15. The Severance Agreement terminated plaintiff's employment as DMMG BU Quality Manager with defendant beginning September 15, 2016, but did not prevent plaintiff from applying to defendant for open job opportunities. Id. ¶¶ 2, 16.

Plaintiff's educational credentials include a Master's Degree in Industrial Engineering from the University of Texas at Arlington. Id. ¶ 17. Plaintiff also has the following job history and qualifications: 1) PPD – Pharmaceutical product development, Morrisville, NC; 2) Six Sigma Master

---

[1] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to the amended complaint filed August 28, 2018, (DE 36), unless otherwise specified.

Black Belt, Consultant – Operational Excellence and Quality; 3) Global Business Unit Quality Manager; 4) Operations Manager, Substation Automation Products; 5) Operational Excellence and Quality Manager, Power Systems Network Management; and 6) Senior Operations Specialist, Master Black Belt – (ODG) Operations Development Group, Corporate Group Functions. Id. ¶ 18.

Between September 2016 and November 2017, plaintiff alleges he applied for ten positions with defendant,[2] including his prior position as DMMG BU Quality Manager. Id. ¶ 19. Plaintiff asserts his prior position as DMMG BU Quality Manager at defendant company was filled by a person of non-Indian origin and/or non-South Asian ethnicity. Id. ¶ 20. Similarly, plaintiff asserts that the other nine positions that Plaintiff applied for were also filled by persons of non-Indian origin and/or non-South Asian ethnicity. Id. ¶ 23.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") based on ethnicity and national origin on or about August 3, 2017. (Id. ¶ 36). On or about November 6, 2017, Plaintiff received from the EEOC his Notice of Right to Sue Letter. (Id. at 37). Additional facts pertinent to the instant motion will be considered below.

**COURT'S DISCUSSION**

A.   Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from

---

[2]Plaintiff lists nine of the positions to which he applied: 1) Operations Excellence Manager – Grid Automation; 2) Manufacturing Operations Manager; 3) Manager, Operations – Production Manager; 4) DMMG BU Supplier Quality Manager; 5) COO; 6) Head of Operations Manager – Substations; 7) HBU Asia OPEX Manager; 8) HBU Operations Manager PAPG APAC; and 9) DMMG BU Quality Manager. Id. ¶ 4. The court assumes for purposes of this motion plaintiff applied for ten positions, even though he only listed nine.

3

the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

    1.  Plaintiff's Applications to Positions Other Than DMMG BU Quality Manager

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, requires that a plaintiff exhaust administrative remedies before filing suit in federal court. 42 U.S.C. §§ 2000e-5(b), (f)(1).

4

A failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013); Jones v. Calvert Grp., Ltd., 551 F. 3d 297, 300-01 (4th Cir. 2009). Accordingly, the issue is properly analyzed under Rule 12(b)(1). Agolli v. Office Depot, Inc., 548 F. App'x 871, 875 (4th Cir. 2013).

The exhaustion requirement serves two principal purposes: 1) it notifies the charged party of the asserted violation, and 2) it brings the charged party before the EEOC to secure voluntary compliance with the law. Balas, 711 F.3d at 406-07. Both of these purposes offer a benefit of encouraging quicker, less expensive resolution of disputes. Id.

In order to exhaust remedies, an employee must first contact the EEOC and present it with information supporting the allegations. Balas, 711 F.3d at 407 (citing 29 C.F.R. § 1601.6). Typically, the EEOC will then assist the individual in preparing a charge, and sending a notice and copy of the charge to the employer. Id. at 407. This gives the employer an opportunity to voluntarily investigate and resolve concerns internally as the EEOC conducts its own investigation. Id. If the EEOC finds "reasonable cause to believe that the charge is true," it may seek to eliminate unlawful employment practices through conference, conciliation, and persuasion. Id.; see 42 U.S.C. § 2000e-5(b). The EEOC may file a lawsuit or issue the employee a Notice-of-Right-to-Sue in the event the EEOC fails to reach a voluntary settlement with the employer, or if the EEOC does not find "reasonable cause to believe that the charge is true," or when the employee requests a right to sue. Balas, 711 F.3d at 407; see 29 C.F.R. §§ 1601.27-28).

In any subsequent lawsuit, the court "may only consider those allegations included in the EEOC charge" in order to determine whether plaintiff has exhausted his remedies. Balas, 711 F.3d at 407. If the claims "exceed the scope of the EEOC charge and any charges that would naturally

5

have arisen from an investigation thereof, [the claims in the civil action] are procedurally barred." Id. at 407-08 (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)). "[T]he allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." Chacko, 429 F.3d at 509 (citations omitted). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

However, the administrative charge "does not strictly limit a . . . suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981); see also Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (holding claims barred which "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof."). "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." Chacko, 429 F.3d at 509. Finally, "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." Alvarado v. Bd. of Trs. of Montgomery Cnty. Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988).

Here, plaintiff's EEOC Charge alleges "[defendant] refused to hire [plaintiff] for the same position as the DMMG BU Quality Manager" and that "the decision to refuse to rehire [plaintiff]

6

was based on the impermissible grounds of discrimination based on national origin and ethnicity."³ (EEOC Charge (DE 38–1) at 2). Any other suggestions of hiring discrimination such as those in the complaint are entirely absent from the charge of discrimination. Indeed, plaintiff does not even state anywhere in his EEOC Charge that he applied for any other jobs with defendant. (See EEOC Charge (DE 38–1) at 2). It is not reasonable to believe that the EEOC would investigate charges of hiring discrimination for other job applications plaintiff did not even mention. See Balas, 711 F.3d at 408 ("[W]e are not at liberty to read into administrative charges allegations they do not contain."). Since the decision not to rehire plaintiff for the DMMG BU Quality Manager position is a discrete act, see Morgan, 536 U.S. at 114, that discrete act is insufficient to exhaust plaintiff's administrative remedies where, as here, plaintiff subsequently alleges a broader pattern of hiring discrimination in several other job postings. See Chacko, 429 F.3d at 509.

Plaintiff argues that the charge is reasonably related to this case; however, the cases that he cites do not support his position. As discussed above, Chacko expressly states that discrete acts do not provide exhaustion for broad patterns misconduct. Id. Plaintiff cannot generalize his EEOC Charge of hiring discrimination to every position he alleges in his complaint, since every decision not to hire is a discrete act. See Morgan, 536 U.S. at 114. Plaintiff also relies on Smith v. First Union Nat'l Bank to support his argument that the charges are reasonably related. In Smith, the court held that a retaliation claim was exhausted where plaintiff alleged one form of retaliation in the EEOC charge and then raised another form of retaliation by the same actor in the complaint for that case. 202 F.3d 234, 248 (4th Cir. 2000). However, Smith is inapposite because there the court

---

³Because defendant challenges a factual predicate of plaintiff's complaint, that he exhausted his administrative remedies (Compl. ¶¶ 36–37), the court may consider plaintiff's EEOC Charge as evidence of whether subject matter jurisdiction exists in this case.

concluded that the facts alleged in both the EEOC charge and the complaint "can be expected to follow from a reasonable administrative investigation." Id. at 247. For the reasons discussed above, the court concludes that a reasonable administrative investigation of plaintiff's EEOC Charge, which would investigate the reasons why defendant did not rehire plaintiff DMMG BU Quality Manager, would not address the other positions to which plaintiff applied.

Consequently, the court lacks subject matter jurisdiction over plaintiff's claims as they pertain to any positions other than the DMMG BU Quality Manager position. However, the EEOC Charge states that plaintiff was not rehired to his former position. Therefore, he has exhausted his administrative remedies where he alleges hiring discrimination for that position.

2. Plaintiff's Application For DMMG BU Quality Manager

Defendant next argues that plaintiff fails to state a claim because he does not allege enough facts to show that his Title VII claim is entitled to relief. Title VII makes it unlawful to ". . . refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. "The burden of establishing a prima facie case of disparate treatment is not onerous. The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); see also Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Here, plaintiff's complaint states a claim of hiring discrimination on the basis of national origin and ethnicity. Plaintiff is a male born in India and of South Asian ethnicity. (Compl. ¶¶ 1,

26).  Plaintiff applied for the open DMMG BU Quality Manager Position.  (Id. ¶ 4).  Plaintiff was clearly qualified for the position, based on his extensive education, job history and qualifications, which included previous work experience in the exact job in question.  (Id. ¶¶ 17–19).

Finally, the circumstances under which plaintiff was rejected give rise to an inference of discrimination.  Plaintiff alleges that his prior position was filled by a person of non-Indian origin and/or non-South Asian ethnicity.  (Id. ¶ 20).  Additionally, plaintiff was told that his position, which he ultimately reapplied for, was being eliminated by defendant.  (Id. ¶ 14).  Upon discovering that defendant was again hiring for plaintiff's former position, plaintiff applied to be rehired and was denied.  (Id. ¶¶ 4(i), 19–21).  These circumstances collectively give rise to a plausible inference of discrimination, and thus plaintiff has stated a claim.

Defendant argues that plaintiff's allegations are conclusory, and therefore he does not state a claim.  In particular, defendant challenges plaintiff's statement that his "prior position as Global BU Quality Manager at [defendant] was filled by a person of non-Indian origin."  (Def. Mem. (DE 38) at 12).  In support, defendant relies on two cases, McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585–86 (4th Cir. 2015) and Coleman, 626 F.3d at 190–91, for the proposition that plaintiff fails to satisfy the pleading standard under Fed. R. Civ. P. 8.[4]

In McCleary-Evans, the court found that plaintiff failed to state a claim under Title VII for hiring discrimination on the basis of race because the allegation that defendant hired non-Black applicants "does not alone support a reasonable inference that the decisionmakers were motivated by bias."  780 F.3d at 586.  The court went on to say plaintiff "can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better

---

[4] Defendant's remaining cases involving Title VII are inapplicable here because they analyze plaintiff's claims at summary judgment.

9

suited based on experience and personality for the positions." Id. This case is distinguishable from McCleary-Evans because plaintiff has reasonably supported his claim that he is the most qualified person for the position, since he previously held the position and had considerable job and educational experience. (Compl. ¶¶ 17–19). Moreover, plaintiff does not rely solely upon his allegation that a non-member of the protected class was hired to allege an inference of discrimination, but supplements that allegation by also noting that defendant stated that they were eliminating his position but then began hiring for the same position after plaintiff's severance package was effective. (Id. ¶¶ 4(i), 15, 18, 19). Therefore, McCleary-Evans is inapposite here.

Similarly, Coleman is distinguishable. In Coleman, the court found that plaintiff had failed to sufficiently allege that specific co-workers compared in the complaint "were actually similarly situated or that race was the true basis for Coleman's termination." 626 F.3d at 191. In this case, plaintiff is similarly situated to the as the yet unnamed person who filled the position – both would have been applicants for the job. Moreover, defendant's intimation to plaintiff that his position was being eliminated when the job was ultimately to be reopened, combined with plaintiff's considerable qualifications (including credentials and his experience in the exact job at issue), meet the pleading standards of Twombly and Iqbal by raising an inference of hiring discrimination. The court takes as true for the purposes of this 12(b)(6) motion that another job applicant filled plaintiff's position and was of non-Indian origin and/or non-South Asian ethnicity.

Based on the foregoing, the court denies defendant's motion to dismiss plaintiff's complaint for failure to state a claim as it pertains to the decision not to rehire him to his previous position.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 37) is GRANTED IN PART, and

DENIED IN PART. The court GRANTS defendants' motion to dismiss as it pertains to the jobs for which plaintiff applied but were not mentioned in his charge of discrimination, where the court lacks subject matter jurisdiction over those claims for failure to exhaust administrative remedies. The court DENIES defendant's motion to dismiss as it pertains to plaintiff's claim for not rehiring plaintiff the role he previously held at the company, as plaintiff states a claim. The stay on further proceedings is hereby LIFTED. Initial order regarding planning and scheduling in this case will follow.

SO ORDERED, this the 10th day of December, 2018.

LOUISE W. FLANAGAN
United States District Judge